EASTERN DIST.
January, 1832.
─────────
QUESTI ET ALS.
*vs.*
GRIFFE.

---

## QUESTI ET ALS. *vs.* GRIFFE.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE SECOND PRESIDING.

A plea admitting the execution of the note sued on, but denying it was legally transferred to the plaintiff so as to authorise him to recover, is a general defence, not a declinatory or dilatory plea.

The defendant executed his promissory note in favor of one Maillan, who wrote thereon as follows:   " I pray Mr. Griffe, to pay to Messrs. Questi and Greaud, or order, the sum of three hundred and forty-eight dollars, the amount of his obligation.   (Signed) J. Maillan."   The present suit was brought to recover the amount.

The defendant in his answer, admitted his signature, but denied that the plaintiffs had any right of action against him, as the note not being payable to bearer or order, was not negotiable, and further, that as he had never accepted the draft on the back of the note, the plaintiffs could not maintain

the action. There was judgment for the plaintiff and the defendant appealed.

*Watts*, for appellant, assigned for error apparent on the face of the record:

1. On the exception, judgment should not have been final, but to answer.

2. There is a final judgment without an answer, or judgment by default.

*Martin, J.* delivered the opinion of the court.

The defendant and appellant assigns as error apparent on the face of the record, that a final judgment was given, although there is no answer nor judgment by default.

The question turns, on the character of a part of the pleadings, which the appellee calls an answer, and the appellants an exception.

It is in the following words : "The defendant for answer to the petition, says, that he admits his signature to the note annexed thereto, but he denies that the plaintiffs have any right of action against him, that the said note not being payable to order or bearer, is not negotiable, and the draft given on the reverse of said note to the said plaintiffs, gives no right of action to them against the defendant, either on the note or the draft, nor does the draft transfer the note to the plaintiffs. Wherefore he prays to be hence dismissed, with costs and for all other relief, as justice, equity and law may give, &c."

We do not think there is any error on the face of the record. The defendant professes to *answer* this petition, he admits he gave the note sued on, but denies that it was legally transferred to the plaintiffs, so as to authorise the latter to recover. Had he established this, there must have been a final judgment, or at least one of non-suit, in his favor. He prays the court to take care of his interest in the judgment.

His was a peremtory exception, tending to defeat the action. It was certainly not a declinatory exception, neither was it a dilatory exception, one which does not tend to defeat

A plea admitting the execution of the note sued on, but denying it was legally transferred to the plaintiff, so as to authorise him to recover, is a general defence, not a declinatory or dilatory plea.

the action, but only to retard its progress. *Code of Practice*, 330—2. The court was therefore correct, in considering the defence as a peremptory one.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with cost.